# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

-------------------------------------------------------------x

BYRON BREEZE, JR.,
*an individual,*

            Plaintiff,                   CASE NO.:  1:20-cv-2824

            v.

HOTEL HIVE DC L.L.C.,
d/b/a Hotel Hive,
*a District of Columbia limited liability company*,

            Defendant.

-------------------------------------------------------------x

## COMPLAINT

Plaintiff, BYRON BREEZE, JR. (hereinafter "Plaintiff"), sues Defendant, HOTEL HIVE DC L.L.C., a District of Columbia limited liability company, d/b/a Hotel Hive (hereinafter "Defendant") for injunctive relief, attorneys' fees, and litigation costs, including but not limited to disbursements, court expenses, and other fees, pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter "ADAAG"), and for injunctive relief and damages, pursuant to the District of Columbia Human Rights Act, D.C. Code § 2-1401.0 *et seq.* ("DCHRA"), and alleges:

## INTRODUCTION

1.      Defendant owns and/or operates that certain hotel known as HOTEL HIVE*,* located at 2224 F St NW, Washington, D.C. 20037 (the "Hotel"). The Hotel takes reservation through a website located at https://www.hotelhive.com/ (the "Website"). In addition to taking reservations through the Website, the Hotel provides information to the public through the Website, including available guestrooms and amenities.

1

2.      Defendant is required by federal law to ensure that all of its reservation systems, including its online reservation systems (a) identify and describe disabled accessible features of the Hotel in detail; (b) identify and describe disabled accessible features of ADA compliant guest rooms in detail; (c) permit disabled individuals to independently assess whether the Hotel and its available guestrooms meet their individual accessibility needs (by describing accessible *and inaccessible* features); and (d) allow reservations to be taken for accessible guestrooms in the same manner as for non-accessible guestrooms.[1] Defendant has not complied. This lawsuit follows.

## JURISDICTION AND VENUE

3.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C., §§1331, 1343, as Plaintiff's claims arise under 42 U.S.C. §12181. et seq., based upon the enumerated violations of Title III of the Americans with Disabilities Act (*see also*, 28 U.S.C. §§ 2201 and 2202).

4.      This Court has personal jurisdiction over Defendant in this action. Defendant transacts substantial business in this District through its Hotel, which is located in this District.

5.      Venue lies in this District pursuant to 28 U.S.C. §1391(a)(2), because a substantial part of the events or omissions giving rise to the claims here at issue occurred in this District; specifically, Defendant and the Hotel are located this District.

6.      This Court has supplemental jurisdiction over Plaintiff's claims arising under District of Columbia State law. 28 U.S.C.S. §1367(a).

---

[1] This is a non-exclusive list of requirements imposed by 28 C.F.R. §36.302(e)(l). These requirements apply not only to the Website, but also to every online reservation system on which reservations can be made to stay at the Hotel, including orbitz.com, travelocity.com, hotels.com, and others.

## PARTIES

7.     Plaintiff, BYRON BREEZE, JR., was born without legs and without complete hands, and uses a wheelchair for mobility. Plaintiff thus has a "qualified disability" as that term is defined by the ADA and is physically disabled within the meaning of the laws of the District of Columbia.

8.     At all times material hereto, Plaintiff was and is over the age of 18 years, *sui juris*, and is a resident of the District of Columbia. Mr. Breeze has a real and continuing need for mandated accessibility information within online hotel reservation platforms in this District.

9.     Defendant is a DISTRICT OF COLUMBIA limited liability company which conducts and/or seeks to conduct business in the District of Columbia through its interactive website, as set forth more fully herein.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

10.     On July 26, 1990, Congress enacted the ADA, explaining that its purpose was to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities and to provide clear, strong, consistent, enforceable standards addressing such discrimination, invoking the sweep of congressional authority in order to address the major areas of discrimination faced day-to-day by people with disabilities to ensure that the Federal government plays a central role in enforcing the standards set by the ADA. 42 U.S.C. § 12101(b)(l) - (4).

11.     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General ("DOJ"), published revised regulations for Title III of the Americans With Disabilities Act of 1990. Public accommodations, including places of lodging were required to conform to these revised regulations on or before March 15, 2012.

12.     On March 15, 2012, the revised regulations implementing Title III of the ADA took effect, imposing significant new obligations on inns, motels, hotels and other "places of lodging." 28 C.F.R. §36.302(e)(l) provides that:

> Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations ***made by any means***, including by telephone, in-person, or through a third party –
>
> (i)      Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii)      Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
>
> (iii)      Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
>
> (iv)      Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
>
> (v)      Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

13.     In promulgating the new requirements, the Department of Justice made clear that individuals with disabilities should be able to reserve hotel rooms with the same efficiency, immediacy, and convenience as those who do not need accessible guestrooms. *28 C.F.R. Part 36, Appx. A.*

14.     Hotels (and motels) are required to identify and describe all accessible features in the hotel and guestrooms; "[t]his requirement is essential to ensure individuals with disabilities receive information they need to benefit from the services offered by the place of lodging." *28 C.F.R. Part 36, Appx. A.* Moreover, "a public accommodation's designation of a guestroom as "accessible" does not ensure necessarily that the room complies with all of the 1991 Standards." *28 C.F.R. Part 36, Appx. A.* Labeling a guestroom as "accessible" or "ADA" is not sufficient.

15.     In addition,

> hotel rooms that are in full compliance with current standards may differ, and individuals with disabilities must be able to ascertain which features – in new and existing facilities – are included in the hotel's accessible guest rooms. For example, under certain circumstances, an accessible hotel bathroom may meet accessibility requirements with either a bathtub or a roll in shower. The presence or absence of particular accessible features such as these may mean the difference between a room that is usable by a particular person with a disability and one that is not.

*28 C.F.R. Part 36, Appx. A.* Accordingly, Defendant is required to set forth specific accessible features and not merely recite that a guestroom is "accessible" or "ADA" or list accessibility features that may (or may not) be offered within a particular room.

16.     For hotels in buildings constructed after the effective date of the 1991 Standards, it is sufficient to advise that the hotel itself is fully ADA compliant, and for each accessible guestroom, to specify the room type, the type of accessible bathing facility in the room, and the communications features in the room. *28 C.F.R. Part 36, Appx. A.*

17.      However, for hotels in buildings constructed prior to the 1991 Standards, information about the hotel should include, at a minimum

> information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide

> information about important features **that do not comply** with the
> 1991 Standards. For example, if the door to the "accessible" room
> or bathroom is narrower than required, this information should be
> included (e.g., door to guest room measures 30 inches clear).
> [emphasis added].

*28 C.F.R. Part 36, Appx. A.*

18.     The Hotel is a place of public accommodation that owns and/or leases and operates

a place of lodging pursuant to the ADA.

19.     The Website (and all other online reservation platforms used by the Hotel) allow

reservations for the Hotel to be taken online. The Defendant has control over information provided

to the public about the Hotel through the Website and/or other online platforms.

20.     Prior to filing this lawsuit, Plaintiff visited the Website to learn about accessible

features of the Hotel, and to independently assess whether the Hotel is accessible to him, and

whether he could independently reserve an accessible room at the Hotel, in the same manner as

those seeking to reserve non-accessible rooms. Upon his visit to the Website, Plaintiff discovered

that the Website does not provide the accessibility information that he requires and does not allow

for reservation of accessible guestrooms. In short, the Website does not comply with the ADA and

ADAAG.

21.     The Website homepage says nothing about accessibility. A page entitled *rooms* lists

available room types, and contains a blanket statement that ADA rooms are available, but does not

include any description of what accessibility features the rooms have. A page entitled *info* likewise

says nothing about accessibility. When *book now* is selected, dates are entered, and available rooms

are populated, never including any accessible room types. It is possible to view a more detailed

description of available rooms on the booking page; however, none of these more detailed

descriptions includes any detailed description of what ADA accessible features the rooms have.

There is no ability to book an accessible room at any point prior to payment, and there is no filter on the search page with options for accessible rooms or features.

22.     The Website also has no accessibility information concerning common areas and amenities. The Website does not indicate whether the Hotel common areas and amenities are in full compliance, or out of compliance, with the 1991 Standards, making it impossible for a prospective disabled guest to evaluate the feasibility of a stay.

23.     This is not intended to be an exclusive list, and Plaintiff also brings this action to remediate all violations of the ADAAG found to exist upon the Website, and upon all online reservation platforms used by the Hotel.

24.     In addition to the list above, upon information and belief, Defendant may not effectively (i) ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type; (ii) reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; or (iii) guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others. Discovery is required on these issues.

25.     Plaintiff will visit the Website again, upon the Defendant's compliance with the laws and regulations specified herein, in order learn about the accessible (and inaccessible) features, learn about the accessible (and inaccessible) features of guestrooms, assess the extent to which the hotel meets his specific accessibility needs, and determine whether he can reserve an accessible guestroom.

26.     Defendant has discriminated against Plaintiff and all other mobility-impaired individuals by denying full and equal access to and enjoyment of the goods, services, facilities, privileges, advantages and accommodations offered on the Websites, due to the continuing ADA and ADAAG violations as set forth above. Defendant has had eight (8) years to bring the Website (and other online reservation platforms, as applicable) into compliance with the ADAAG revisions, but has failed or refused to do so.

27.     Modifying the Website (and other online reservation platforms, as applicable) to comply with the ADA and ADAAG is accomplishable without undue burden or expense and is readily achievable. But in any event, upon information and belief, the Website has been altered, updated, and edited, after 2010, but not in a manner compliant with 2010 ADAAG standards.

28.     Defendant will continue to discriminate against Plaintiff and all other disabled individuals who access the Website (and other online reservation platforms, as applicable) unless and until Defendant modifies the Website (and other online reservation platforms, as applicable) to set forth all required information, as set forth above.

29.     Plaintiff is without an adequate remedy at law and is suffering irreparable harm, and Plaintiff reasonably anticipates that he will continue to suffer this harm unless and until Defendant is required to correct the ADA violations found upon the Websites (and other online reservation platforms, as applicable), and to maintain the Websites (and other online reservation platforms, as applicable), inclusive of the online reservation system, and accompanying policies and procedures, in a manner that is consistent with and compliant with ADA and ADAAG requirements.

30.     Pursuant to 42 U.S.C. §12188(a) this Court has authority to grant injunctive relief to Plaintiff including an Order that compels Defendant to enact policies that are consistent with

8

the ADA and its remedial purposes, and to alter and maintain its Website (and other online reservation platforms, as applicable), and all online reservation systems, in accordance with the requirements set forth within the 2010 Standards, 28 C.F.R. §36.302(e)(l).

**COUNT II**
**VIOLATIONS OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT**

31.     Plaintiff re-avers the allegations set forth above as though fully set forth herein.

32.     The District of Columbia Human Rights Act provides:

> It shall be an unlawful discriminatory practice to do any of the following acts, wholly or partially for a discriminatory reason based on the actual or perceived: race, color, religion, national origin, sex, age, marital status, personal appearance, sexual orientation, gender identity or expression, familial status, family responsibilities, genetic information, disability, matriculation, political affiliation, source of income, or place of residence or business of any individual: to deny, direct or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodations.… [2]

33.     The Website (and other online reservation platforms, as applicable) is a gateway to, and a part of, the Hotel, which is a place of public accommodation as defined by the District of Columbia Human Rights Act.

34.     By maintaining barriers that discriminate against people with disabilities through the actions described above, Defendant has, directly or indirectly, refused, withheld, and/or denied to Plaintiff, because of disability, accommodations, advantages, facilities or privileges of the Hotel. The failure by Defendant to act to identify and remove these barriers, which have been illegal since March 15, 2012, can be construed as "negligence per se."

---

[2] D.C. Code § 2-1401.31.

35.     Plaintiff has been damaged and will continue to be damaged by this discrimination as more fully set forth above and, in addition to injunctive relief, seeks judgment pursuant to D.C. Code § 2-1401.0 *et seq.*, and all relief provided for thereunder.

WHEREFORE, Plaintiff, BYRON BREEZE, JR., respectfully requests that this Court enter judgment in his favor, and against Defendant, as follows:

a.     A declaration that the Website (and other online reservation platforms, as applicable) is owned, leased, operated, and/or controlled by Defendant is in violation of the ADA, and/or DCHRA;

b.     Temporary and permanent injunctive relief enjoining Defendant from continuing its discriminatory practices, including the requirement that Defendant permanently implement policies, practices, procedures, including online content, consistent with the mandates of the 2010 ADAAG Standards on its Website (and other online reservation platforms, as applicable);

c.     Temporary and permanent injunctive relief enjoining Defendant from maintaining or controlling content on any Website through which it is offering online reservations for any hotel that it owns or operates, unless such Website and online reservation system fully comply with 28 C.F.R. §36.302(e)(l);

d.     An award of reasonable attorneys' fees, costs, disbursements and other expenses associated with this action, in favor of Plaintiff;

e.     An award of compensatory damages deemed just and appropriate pursuant to the DCHRA, to Plaintiff; and

   f.  Such other and further relief as this Court deems just, necessary and appropriate under the circumstances.

   DATED this **5th** Day of **October** 2020.

              BASHIAN & PAPANTONIOU, P.C.
              *Attorneys for Plaintiff*
              500 Old Country Road, Ste. 302
              Garden City, NY 11530
              Tel: (516) 279-1554
              Fax: (516) 213-0339

              By: */s/ Erik M. Bashian, Esq.*
              ERIK M. BASHIAN, ESQ.
              **(EB7326)**
              eb@bashpaplaw.com